COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


THE UNINSURED EMPLOYER'S FUND

v.   Record No. 1273-96-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
CLARA ANNETTE THRUSH (WIDOW),              DECEMBER 10, 1996
 BRIAN LEE THRUSH (DECEASED)
 AND TEAUNA MAE THRUSH (INFANT)


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (James S. Gilmore, III, Attorney General;
                John J. Beall, Jr., Senior Assistant Attorney
                General; Julia D. Tye, Assistant Attorney
                General, on brief), for appellant.

                (Robert J. Macbeth, Jr.; Rutter & Montagna,
                on brief), for appellees.



        The Uninsured Employer's Fund ("the Fund") contends that the

Workers' Compensation Commission erred in calculating the average

weekly wage of Brian Lee Thrush ("the decedent") based upon a

forty-hour work week at six dollars per hour.  Clara Annette

Thrush, the decedent's widow, filed a Motion to Dismiss the

Fund's appeal on the ground that this Court's January 11, 1996

memorandum decision is res judicata.  Although we hold that the

doctrine of res judicata is not applicable to this case, the "law

of the case" doctrine mandates affirmance of the Fund's appeal.

Accordingly, we hold that this appeal is without merit, and we

summarily affirm the commission's decision.  Rule 5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The "law of the case" doctrine provides:
"Where there have been two appeals in the same case, between the same parties and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. . . . It differs from res judicata in that the conclusiveness of the first judgment is not dependent upon finality."

American Filtrona Co. v. Hanford, 16 Va. App. 159, 164-65, 428 S.E.2d 511, 514 (1993) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620-21, 93 S.E. 684, 687 (1917)).

On January 11, 1996, in a memorandum opinion, we remanded this case to the commission with the direction that the commission redetermine the decedent's average weekly wage using a forty-hour work week at six dollars per hour. On remand, the commission followed our directive and recalculated the decedent's average weekly wage at $240. In this second appeal, the Fund raises the precise issue that was previously determined by us in our prior memorandum opinion. Because our January 11, 1996 ruling on the average weekly wage calculation became the "law of the case," we cannot re-examine this issue on the Fund's second appeal.

For these reasons, we affirm the commission's decision.

Affirmed.